John Yin 48095-086                                          Judge Jones
F.D.C. P.O. Box 13900
Seattle, Washington 98198

```
____ FILED
____ LODGED    [ MAIL ]
____ RECEIVED

OCT 19 2017

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN YIN, | 17-CV-01553 RAJ  CASE NO. C17- |
| PETITIONER, | CRIM # CR16-314RAJ |
| v | PETITION FOR A WRIT OF HABEAS CORPUS |
| THE UNITED STATES OF AMERICA, | |
| RESPONDENT. | Clerk's action required. |

Comes Now John Yin(Yin) Petitioner herein who herewith states that he is in custody in violation of the Constitution and the laws of these United States and on this behalf shows this Court the following;

### JURISDICTION

This Court obtains jurisdiction herein under Title 28 U.S.C.§2255.

### ISSUE PRESENTED

PETITIONER YIN HEREWITH STATES THAT HIS PLEA AGREEMENT LACKS CLARITY ON THE ISSUE OF RESTITUTION THEREBY VIOLATING YIN'S 6TH AMENDMENT RIGHT TO HAVE EFFECTIVE ASSISTANCE OF PLEA BARGAIN COUNSEL.

### PROCEDURAL HISTORY

In August of 2016 Yin was Indicted on one count of wire fraud, in violation of 18 U.S.C. § 1343(2) and a second count of Conspiracy to Defraud the Government in violation of 18 U.S.C.§ 371. Yin entered into

**WRIT OF HABEAS CORPUS**                  -1.

a plea agreement thereafter on December 2, 2016 and thereafter in April of 2017 Yin was sentenced to 18 months of imprisonment and 3 years of probation. This 28 U.S.C.§ 2255 is therefore timely filed.

## THE PLEA AGREEMENT

Within the body of the plea agreement Yin agreed that he was responsible for **restitution** in the amount of Three Million, four hundred forty five thousand, five hundred eighty nine dollars, ($3,445,589.00) "with credits for any amounts already paid." Plea agreement (P.A.) pg.4, ¶ 7. However, the plea agreement is ambiguous as to the accounting of funds paid, and owed herein. There are many other businesses and individuals that are also responsible for specific amounts which are being simultaneously paid by many other owners and individuals that will reduce the amounts due to the Respondant(s).

These individual business owners bought this illegal software from Yin with the sole purpose to defraud the Government(s) out of tax money. Yin agrees that he is responsible and signed a plea agreement and told this Court that he was responsible. However, there is no provision in Yin's plea agreement to account for the reduction of the monies owed which are currently being paid by the businesses and owners which would necessarily reduce exponentally the amounts owed in the above mentioned amounts of restitution---(which Yin confessed he is responsible for). The amount of money that Yin received for the sale of the illegal software is insignificant to the amount of money that the business owners would have benifitted compared to the amount redused from the business owner(s) taxes. (emphasis added). Moreover the Government(s) are collecting the tax money owed to them and it should reduce the restitution amounts herein accumulated, and the plea agreement lacks **clarity** and **defective on this count.**

WRIT OF HABEAS CORPUS                    -2.

## STATEMENT OF FACTS

Beginning at a time unknown, but by 2009 and continuing until mid-2015, Yin marketed and sold and serviced Profitek of Sale (POS) computer systems to retail and restaurants, working out of his home office in Everett, Washington. Business use POS computer systems to keep track of dates and times, customers, servers, tables, orders, payments and refunds. All transactions are recorded in a database maintained by POS software in real time. (Yin herewith adopts the facts set forth on pages 5-12 of his plea agreement attached hereto).

There is specfic detail of the losses projected herein by Yin's illegal acts, see page 7 of the attached plea agreement, however, the plea agreement itself as to the accounting and the payments made by all of the other businesses and owners is unaccounted for. Yin has accepted responsibilty for his actions, see ¶ 10 on pages 8 and 9 of the plea agreement attached hereto. Further, Yin does not in anyway divest himself of the claim he has made herein, however, the plea agreement lacks clarity on the significant issue of restitution herein shown.

## ARGUMENT

The gold standard is set by the Supreme Court in <u>Strickland v Washington,</u> 466 U.S. 668 (1984) for Yin's claim of ineffective assistance of plea bargain counsel. Yin's issue is simple, which is that his plea agreement lacks clarity and an accounting of the restitution that he is responsible for along with several other business owners herein shown in the attached plea agreement. It is therefore Yin's claim that "It is quintesentially the duty of counsel to provide [his] client with available advice about an issue [such as restitution] and failure to do so clearly satisfies the <u>Strickland</u> analysis. <u>Padilla v Kentucky,</u> 559 U.S.

WRIT OF HABEAS CORPUS                -3-

356, 176 LED2d 284, 293, 297 (2010). The Supreme Court teaches us that the Sixth Amendment requires effective assistance of counsel at all critical stages of a criminal proceeding. Lafler v Cooper, 566 U.S. 156, 165 (2011). But for counsel's errors, Yin could have received a better plea bargain. United States v Rodrigues-Vega, 797 F.3d 781, 788 (9th Cir 2015). Yin is entitled to effective assistance of plea bargain counsel "at all critical stages of the criminal proceedings" which includes " the entry of of a guilty plea" but also extends to the "plea bargaining process" as a whole. Johnson v Uribe, 682 F.3d 1238, 1243 (9th Cir 2012)(citing Missouri v Frye, 132 S. Ct. 1399, 1406 (2012). **Under Supreme Court and Ninth Circuit law, Yin's plea bargain counsel was ineffective for failing to provide him with better plea bargain which would include clarity and an accounting of all monies owed on his restitution by all parties herein shown.**

## RELIEF SOUGHT AND CONCLUSION

Wherefore Yin respectfully requests that this Court grant his claim of Ineffective Assistance of Plea Bargain Counsel and modify his plea agreement soley to clarify and obtain a full acounting of the monies owed by all the businesses also responsible for the aggregate amount of restituion of $3,445,589, (three million four hundred forty five thousand five hundred eighty nine dollars) as it is paid by all parties responsible. At Yin's age (66) and health considerations it is critical that this Court GRANT his claim of ineffective assiatance of plea bargain counsel and modify the accounting to obtain clarity herein.

Respectfully submitted,

October 15, 2017
Date signed and filed.

John Yin 48095-086
F.D.C. P.O. Box 13900
Seattle, Washington 98198

WRIT OF HABEAS CORPUS                    -4-

FILED ___ ENTERED
___ LODGED ___ RECEIVED

DEC 02 2016

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN YIN, <br><br> Defendant. | NO. CR16-314 RAJ <br><br> **PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Susan M. Roe, Assistant United States Attorney for said District, and Defendant JOHN YIN, and his attorney, Kirk C. Davis, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in a Felony Information.

Plea Agreement - 1
United States v. Yin, CR16-314 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.  **Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters pleas of guilty to the following charges contained in the Information.

    (a) Wire Fraud, as charged in Count 1, in violation of Title 18, United States Code, Section 1343 and Section 2;

    (b) Conspiracy to Defraud the Government, as charge in Count 2, in violation of Title 18, United States Code, Section 371.

By entering pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his guilty pleas, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.  **Elements of the Offense.** The elements of the offense of Wire Fraud to which Defendant is pleading guilty are as follows:

    a.  First, the defendant knowingly executed a scheme to defraud or obtain moneys, funds, and credits by means of false and fraudulent pretenses, representations and promises as to a material matter;

    b.  Second, the defendant acted with intent to defraud; and

    c.  Third, that in advancing, furthering or carrying out the scheme, the defendant transmitted any writing, signal or sound by means of a wire, radio or television communication in interstate commerce or caused the transmission of any writing, signal or sound by means of a wire, radio or television communication in interstate commerce.

The elements of the offense of Conspiracy to Defraud the Government to which Defendant is pleading guilty are as follows:

    a.  First, the defendant agreed with another to defraud the United States by obstructing the lawful functions of a government agency by deceitful or dishonest means;

    b.  Second, the defendant became a member of the conspiracy to defraud knowing of at least one of its objects and intending to help accomplish it; and

Plea Agreement - 2
United States v. Yin, CR16-314 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1          c.      Third, one member of the conspiracy performed at least one overt
2 act for the purpose of carrying out the conspiracy.
3      4.    **The Penalties.**  Defendant understands that the statutory penalties are:
4          a.      As to Wire Fraud, as charged in Count 1: imprisonment for up to
5 twenty (20) years; a fine of up to two hundred fifty thousand dollars ($250,000.00); a
6 period of supervision following release from prison of three (3) years; and a special
7 assessment of one hundred dollars ($100.00).
8          b.      As to Conspiracy to Defraud, as charged in Count 2: imprisonment
9 for up to five (5) years; a fine of up to two hundred fifty thousand dollars ($250,000.00);
10 a period of supervision following release from prison of three (3) years; and a special
11 assessment of one hundred dollars ($100.00)
12     If Defendant receives a sentence of probation, the probationary period could be up
13 to five (5) years. Defendant agrees that the special assessment shall be paid at or before
14 the time of sentencing.
15     Defendant understands that supervised release is a period of time following
16 imprisonment during which he will be subject to certain restrictive conditions and
17 requirements. Defendant further understands that if supervised release is imposed and he
18 violates one or more of the conditions or requirements, Defendant could be returned to
19 prison for all or part of the term of supervised release that was originally imposed. This
20 could result in Defendant's serving a total term of imprisonment greater than the statutory
21 maximum stated above.
22     Defendant understands that as a part of any sentence, in addition to any term of
23 imprisonment and/or fine that is imposed, the Court may order Defendant to pay
24 restitution to any victim of the offense, as required by law.
25     Defendant agrees that any monetary penalty the Court imposes, including the
26 special assessment, fine, costs, or restitution, is due and payable immediately and further
27 agrees to submit a completed Financial Statement of Debtor form as requested by the
28 United States Attorney's Office.

Plea Agreement - 3
United States v. Yin, CR16-314 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of his or her peers;

   c. The right to the effective assistance of counsel at trial, including the right to have the Court appoint counsel for him if he could not afford one;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on his behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

6. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. **Restitution.** Defendant shall make restitution to Washington State Department of Revenue and the United States Treasury in the amount of Three Million Four Hundred Forty-Five Thousand Five Hundred Eighty-Nine Dollars ($3,445,589.00), with credit for any amounts already paid. Said amount shall be due and payable immediately and shall be paid in accordance with a schedule of payments as proposed by the United States Probation Office and ordered by the Court.

8. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offenses:

Plea Agreement - 4
United States v. Yin, CR16-314 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Beginning at a time unknown, but by 2009 and continuing until mid-2015, JOHN YIN marketed, sold and serviced Profitek Point of Sale (POS) computer systems to retail and restaurants, working out of his home office in Everett, Washington. Businesses use POS computer systems to keep track of dates and times, customers, servers, tables, orders, payments and refunds. All transactions are recorded in a database maintained by the POS software in real-time.

State, Local and Federal taxing authorities allow businesses the option of predicating their tax burden on calculations derived from the electronic database maintained by the POS system. As with any business record, the electronic sales data must be complete, accurate, and must be furnished to the agencies on request in case of audit.

In addition to the POS systems, JOHN YIN facilitated the sales of an illegal companion software which was developed specifically for the Profitek POS system. The illegal software is a Revenue Suppression Software (RSS) or "Zapper" and, since 2013, mere possession of Zapper software is illegal in Washington State. The *only* purpose of Zapper software is to promulgate false and fraudulent business financial records, so that businesses may hide cash skimming.

JOHN YIN successfully sold the POS software, and assisted in the widespread distribution of the Zapper software, to dozens of customers over the course of several years.

JOHN YIN did not have the Zapper software so he assisted his POS clients in ordering it from the Zapper provider in China. Facilitating the sales, JOHN YIN provided contact information such as the Chinese email address, he vouched for his clients to the provider, he quoted the cost of the Zapper, and he serviced the Zapper software once his clients obtained it. In support of the Zapper purchases, JOHN YIN communicated by email with his customers in the United States and with the provider in China. For instance, JOHN YIN was part of an email conversation with a customer and the Zapper provider in China. The email string began on January 15, 2014, when a local

Plea Agreement - 5
United States v. Yin, CR16-314 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  customer emailed winwin@0707@126.com, the RSS supplier in China, identified herself
2  and her restaurant, and said: "I want the Program." She had purchased the POS system
3  and received the winwin email address from JOHN YIN. The provider in China,
4  winwin@0707@126.com, forwarded her message to JOHN YIN in Washington State at
5  his email address of johnnyin99@yahoo.com, with the question: "Is this your customer.
6  What price did you sell before?" JOHN YIN emailed his reply to
7  winwin@0707@126.com in China: "$650.00." In this example, JOHN YIN directed his
8  POS client to the provider, responded to a routine business request from the provider,
9  confirmed the identity of his customer to the provider, and set the price for the Zapper.
10          JOHN YIN'S many customers used the Zapper software with their Profitek POS
11  system to significantly underreport their cash sales and, therefore, to significantly
12  underreport their income to local, state and federal authorities. They did so in order to
13  consistently and significantly underpay the required costs of doing business. Those costs
14  include state and local Business & Occupation taxes, Washington State Labor & Industry
15  costs, social security and medicare taxes, and federal income taxes. The customers' false
16  representations directly caused the United States Department of the Treasury and the
17  Washington State Department of Revenue to levy and collect significantly lower taxes
18  than the amounts actually owed. The customers' false representations were supported by
19  Profitek's Zapper corrupt business records.
20          JOHN YIN sold another customer, YL, the Profitek POS and its Zapper program
21  by 2009. Using the Zapper software, YL skimmed substantial cash from YL's restaurant
22  and created false business records which significantly underreported income.
23          JOHN YIN responded to assist YL in continuing the fraud when taxing authorities
24  noted and questioned YL's unusually low cash sales. Only later, when confronted with
25  evidence of the zapper use, did YL tell authorities she used the unreported cash to pay
26  some employees in cash. She did not withhold mandatory social security or Medicare
27  taxes for these employees in addition to underpaying her taxes.
28

Plea Agreement - 6
United States v. Yin, CR16-314 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The underreported and false income was reported to the Internal Revenue Service on YL's 2010 through 2013 United States Income Tax Returns for an S Corporation, Form 1120S. The fraudulent returns were filed on June 26, 2011 for tax year 2010; on March 7, 2012 for tax year 2011; on March 6, 2013 for tax year 2012; and on February 4, 2014 for tax year 2013, from Bellevue, Washington. The total amount of unpaid taxes for the four years is $910,324.50.

Eight other restaurants audited by Washington State Department of Revenue and found to be using JOHN YIN'S zapper software uncovered the following unreported and unpaid Washington State Sales and Federal Income Taxes during this period:

| Restaurant | Tax Loss |
|---|---|
| Restaurant #1, Mercer Island | Tax Loss of $218,447.75 |
| Restaurant #2, Seattle | Tax Loss of $498,666.75 |
| Restaurant #3, Bellevue | Tax Loss of $302,222.25 |
| Restaurant #4, Seattle | Tax Loss of $472,222.25 |
| Restaurant #5, Seattle | Tax Loss of $565,952.75 |
| Restaurant #6, Seattle | Tax Loss of $332,433.00 |
| Restaurant #7, Seattle | Tax Loss of $145,319.75 |

These eight sums reflect only the sales tax and federal income tax and do not include unpaid social security withholding or Medicare taxes.

Added to YL's figure of $910,324.50, the total unreported and unpaid taxes equal Three Million Four Hundred Forty-Five Thousand Five Hundred Eighty-Nine Dollars ($3,445,589.00).

JOHN YIN knew that Zappers were illegal and that his customers used the Zapper software to create false business records. When he assisted his customers obtain Zapper software to execute with the Profitek POS, JOHN YIN knew that the customers were using the Zapper program to hide cash sales and to underpay taxes.

9. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing

Plea Agreement - 7
United States v. Yin, CR16-314 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a.    The Court will determine applicable Defendant's Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw his guilty plea solely because of the sentence imposed by the Court.

10. **Acceptance of Responsibility.** At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of

Plea Agreement - 8
United States v. Yin, CR16-314 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

   a. The defendant has a base offense level of seven (7) pursuant to USSG §2B1.1 (a)(1).

   b. The defendant has a sixteen (16) level increase pursuant to USSG §2B1.1(b)(1)(I).

   c. The two counts are grouped pursuant to USSG § 3D1.2.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

12. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

Plea Agreement - 9
United States v. Yin, CR16-314 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119 (1997).

13.     **Tax Loss Amount.**  The United States and Defendant stipulate and agree that the correct amount of tax loss for purposes of sentencing is Three Million Four Hundred Forty-Five Thousand Five Hundred Eighty-Nine Dollars ($3,445,589.00). Defendant understands that this Plea Agreement does not preclude the Internal Revenue Service from assessing and determining any additional civil tax, penalties, and/or interest that may be owed by Defendant.  In addition, Defendant understands that Defendant is required to pay costs of prosecution.

14.     **Waiver of Appellate Rights and Rights to Collateral Attacks.**

Defendant acknowledges that by entering the guilty pleas required by this plea agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

a.      Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b.      Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in

Plea Agreement - 10
United States v. Yin, CR16-314 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

15. **Voluntariness of Plea.** Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter his plea of guilty.

16. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//

Plea Agreement - 11
United States v. Yin, CR16-314 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

17. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 2nd day of December, 2016.

JOHN YIN
Defendant

KIRK C. DAVIS
Attorney for Defendant

SUSAN M. ROE
Assistant United States Attorney

Plea Agreement - 12
United States v. Yin, CR16-314 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



Legal Mail

Clerk of the District
United States
701 Stewart Street
Seattle Washington



Case 2:16-cr-00314-RAJ   Document 26   Filed 10/19/17   Page 17 of 17